PER CURIAM.
After remand in Izquierdo v. State, 724 So.2d 124 (Fla. 3d DCA 1998), defendant-appellant Zacarías Jaime Izquierdo moved to dismiss the information, contending that the prosecutorial misconduct described in the earlier appeal was so pervasive that the defendant was deprived of due process of law. See id. at 126. The defendant based his argument on this court’s opinion in the earlier appeal, as well as the briefs from the earlier appeal.
In reversing the defendant’s conviction, this court said, “After remand, the trial court may, in its reviewable discretion, either grant a new trial or dismiss the case outright if it finds that the prosecutorial misconduct, particularly considering the possibility that the office of the State Attorney was itself directly implicated by retaining [prosecutor] Hyman after notice of his proclivities, was so pervasive that the defendant was deprived of due process. See Munoz v. State, 629 So.2d 90, 98 (Fla.1993).” Izquierdo, 724 So.2d at 126.
By remanding for further consideration by the trial court, we think the prior panel necessarily intended that the defendant on remand would have to make a more particularized showing in order to obtain dismissal instead of a new trial. If (as defendant contends) it was simply a question of reviewing the record developed in the pri- or appeal, then the prior panel could have made the decision to order a new trial, or dismiss, without the necessity of remand.
In the proceedings below, the trial court was informed that the prior prosecutor had resigned, so that any retrial would necessarily be accomplished by different personnel. There was no showing that the misconduct complained of on the prior appeal represented institutional policy of the State Attorney’s office, nor was there a showing that the harm described in the prior appeal could not be cured by a new trial, or rose to the level described in Munoz. We find no abuse of discretion in the denial of the motion to dismiss.
After the motion to dismiss was denied, the defendant entered a no contest plea, reserving the right to appeal the denial of the motion to dismiss. As no reversible error has been shown, the judgment is
Affirmed.
NESBITT and COPE, JJ., concur.